IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TYRONE NUNN, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:11cv113-ID |
| | ) | (WO) |
| MYRON H. THOMPSON, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This civil action, construed as a *Bivens* action,[1] is before the court on a complaint filed by Tyrone Nunn, Sr. ("Nunn"), a federal inmate and serial litigant in this court, on or around February 16, 2011. (Doc. No. 1.) In connection with his complaint, Nunn has filed an application for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). (Doc. No. 2.) However, pursuant to 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[2]

---

[1]*See Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

[2]In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), the court determined that the "three

(continued...)

The records of the Federal Courts establish that Nunn, while incarcerated or detained, has on at least six prior occasions had civil actions dismissed as frivolous, malicious, for failure to state a claim, and/or for asserting claims against defendants who were immune from suit pursuant to the provisions of 28 U.S.C. § 1915. The cases on which this court relies in finding a violation of § 1915(g) are (1) *Nunn v. Thompson, et al.*, Case No 2:10cv272-TMH-SRW (M.D. Ala. 2010); (2) *Nunn v. Thompson, et al.*, Case No 2:10cv338-WHA-SRW (M.D. Ala. 2010); (3) *Nunn v. City of Wedowee Police Dept. et al.*, Case No. 3:10cv507-TMH-SRW (M.D. Ala. 2010); (4) *Nunn v. Bailey, et al.*, Case No. 3:05cv1059-MHT-VPM (M.D. Ala. 2005); (5) *Nunn v. Clay County Hospital, et al.*, Case No. 7:05-CV-515-SLB (N.D. Ala. 2005); and (6) *Nunn v. Bank of Wedowee - Woodland Branch*, Case No. 3:03cv392-MEF-VPM (M.D. Ala. 2003).

The court has carefully reviewed the claims presented in the instant case. The allegations made the basis of Nunn's complaint fail to demonstrate that Nunn was "under imminent danger of serious physical injury" at the time he initiated this cause of action, as is required to meet the imminent danger exception to application of 28 U.S.C. § 1915(g). *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (a prisoner who has filed three or

---

[2](...continued)
strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court abrogated *Rivera*, but only to the extent *Rivera* required an inmate to plead exhaustion of remedies in his complaint, as "failure to exhaust is an affirmative defense under the PLRA ... and inmates are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216.

more frivolous lawsuits and seeks to proceed in forma pauperis must allege a present "imminent danger" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g)). The court therefore concludes that Nunn's motion for leave to proceed *in forma pauperis* should be denied and this case dismissed without prejudice for Nunn's failure to pay the requisite $350.00 filing fee upon the initiation of this cause of action. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit.").

**CONCLUSION**

Accordingly, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by Nunn (Doc. No. 2) be and is hereby DENIED. Additionally, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed at this time without prejudice for the plaintiff's failure to pay the full filing fee upon the initiation of this case.

It is further

ORDERED that on or before March 8, 2011, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 22nd day of February, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE